UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5115 PA (KSx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Jason Singleton v. City of Hope | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Complaint filed against defendant City of Hope on June 17, 2024. (Docket No. 1.) On June 21, 2024, this matter was transferred to this Court as a case related to <u>Graciela Rodriguez v. City of Hope National Medical Center</u>, CV 24-2761 PA (KSx) ("Rodriguez I"). This case and the other thirteen related cases involve claims arising from a data breach that the City of Hope National Medical Center ("City of Hope") disclosed to its patients on April 2, 2024, that took place between September 19 and October 12, 2023 ("Data Breach").

In the twelve cases originally filed and transferred to this Court as related cases, the Court ordered City of Hope to provide a statement establishing its state of incorporation and principal place of business. The Court additionally ordered City of Hope to submit information concerning the patients or former patients that were notified of the Data Breach, so that the Court could determine the applicability, if any, of 28 U.S.C. § 1332(d)(4)(B). (Docket No. 18, Rodriguez I.) City of Hope filed its response to the Court's May 7, 2024 Order on May 15, 2024. (Docket No. 20, Rodriguez I.) City of Hope confirmed its California citizenship, and also provided the following information:

1. City of Hope identified 815,687 individuals impacted by the data breach;

2. City of Hope provided notice by mail to 689,385 individuals for whom they had last known mailing addresses;

3. City of Hope provided "substitute notice" to the remaining 126,302 individuals;[1/]

4. Out of the individuals with mailing addresses, 609,929 or 88.47% had California mailing addresses;

---

[1/]   City of Hope did not provide any additional information regarding the form or result of the "substitute notice."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5115 PA (KSx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Jason Singleton v. City of Hope | | |

5. Out of the notices sent to individuals with mailing addresses, 76,329 notices, or 12.5% were returned;

6. 67,625 or 82% of the returned notices had been mailed to individuals with California addresses; and

7. City of Hope is "in the process" of identifying individuals that are currently deceased but that were provided notice (either by mail or by "substitute notice").

In its response, City of Hope stated that "[a]fter factoring in returned mail that was sent to California addresses, approximately 66% of the total notified data subjects had a last known mailing address in California." The Court concluded, however that the City of Hope relied on the assumption that none of the individuals notified by "substitute notice" had an address in California and that none of those who had California addresses, but had their mail returned, remained in California. The Court noted that City of Hope did not provide any reason to believe that this was the case, or why this number would not actually be similar to the percentage of individuals with known mailing addresses in California (88.47%). The Court stated that even if this group consisted of only 10% or 20% of individuals with California addresses, the actual percentage of California class members would likely be far higher than the 66% figure cited by City of Hope. As a result, on June 7, 2024, the Court issued an Order to Show Cause in the first twelve class actions requiring the parties to show cause why the Court should not dismiss the actions under the mandatory abstention provision of 28 U.S.C. § 1332(d)(4), or alternatively, under the discretionary provision of § 1332(d)(3). (Docket No. 12, Rodriguez I.)[2/]

The home state exceptions to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(3) and (d)(4) may also apply in this case. Accordingly, the Court orders the parties to show cause why the Court should not dismiss this action under the mandatory abstention provision of 28 U.S.C. § 1332(d)(4), or alternatively, under the discretionary provision of 28 U.S.C. § 1332(d)(3). The parties' briefs in response to this Order to Show Cause should be filed no later than July 8, 2024. Consistent with the orders issued in the other class actions, City of Hope's response to the Complaint in this matter shall not be due until further order of the Court.

IT IS SO ORDERED.

---

[2/] The thirteenth case, <u>Rodriguez v. City of Hope</u>, CV 24-4691 PA (Rodriguez II), was removed from Los Angeles Superior Court On June 5, 2024, and transferred to this Court as a related case on June 17, 2024. The Court issued an OSC similar to this one in the Rodriguez II matter on June 18, 2024. (Docket No. 11, Rodriguez II.)